IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID A. JOHNSON, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> DONALD VAUGHN, et al., : <br> : <br> Defendants. : <br> : <br> : | Civil Action <br><br> Nos. 90-7003 & 95-6014 |

**MEMORANDUM**

**J. Younge**                                                                                          **July 12, 2024**

**I.      INTRODUCTION**

Currently before this Court is Petitioner's Motion for Relief.  (ECF No. 16.)[1]  The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, said Motion is Denied.

**II.     FACTUAL BACKGROUND**

In 1977, following a trial by jury in the Philadelphia Court of Common Pleas, Petitioner David Johnson was convicted of first-degree murder and robbery and subsequently sentenced to life imprisonment without the possibility of parole. (Motion for Relief ¶ 1, ECF No. 16.)  The victim of the January 19, 1977 murder was Georgell Lewis, who was shot a single time at the back of a store.  (Motion for Relief ¶ 11.)  At trial, witness Carmella Sprowal testified that the Petitioner, as well as his two co-defendants, Eughinia Jones and Michael White, were at the store

---

[1] All CM/ECF references refer to documents docketed at 90-cv-7003-JMY unless otherwise noted.  When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

where the shooting took place, that Petitioner stood guard while the murder happened, and that he then attempted to steal from the cash register. (Motion for Relief ¶¶ 12-13.) The Petitioner's original defense theory was that Ms. Jones shot the victim over a drug dispute, but he ultimately used an alibi defense at trial, claiming that he was at work and that his co-defendants had borrowed his car. (Motion for Relief ¶ 15.)

In 1994, Ms. Sprowal admitted and provided an affidavit asserting that the prosecution intentionally kept exculpatory evidence from the Petitioner, including that the site of the shooting was used to sell drugs, that she and Ms. Jones sold drugs from that location, and that she had a criminal history. (Motion for Relief ¶¶ 18-19; Carmella Sprowal Affidavit, ECF No. 16-1.) The prosecutor had also represented at trial, falsely, that the victim had never sold drugs or been convicted of a crime. (Motion for Relief ¶ 15, ECF No. 16.) In addition to the allegation that the prosecution withheld exculpatory evidence in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), the Petitioner points to recantations of testimony by certain of the prosecution's witnesses, inconsistent arguments at the co-defendants' separate jury trials, that the Petitioner's co-defendants were beaten and coerced into confessions, and the Third Circuit's *Dennis* and *Bracey* decisions as further support for his Motion for Relief. (Motion for Relief ¶ 2.) Additionally, during discovery in support of this Motion, the Petitioner points to two previously undisclosed witness statements that amount to after-discovered exculpatory evidence. (Motion for Relief ¶¶ 52-54.)

The Petitioner has been seeking relief from his sentence for over forty years. Petitioner had originally appealed his sentence, and the Pennsylvania Supreme Court affirmed it on November 5, 1981. *Commonwealth v. Johnson*, 436 A.2d 627 (1981). The petitioner filed his

2

first post-conviction petition pursuant to the Post Conviction Hearing Act[2] on June 23, 1982, arguing several ineffective assistance of counsel claims but no *Brady* claims. This was denied, and its dismissal was affirmed by the Pennsylvania Superior Court, in 1984 and 1985, respectively. (First Post-Conviction State Denial, ECF No. 30-3.) Petitioner filed a petition for collateral relief under the Post-Conviction Relief Act (hereinafter "PCRA") in 1988, which was also denied. On appeal from this denial, the Petitioner raised a newly discovered *Brady* claim for the first time, alleging that his due process rights had been violated by the Prosecution's failure to disclose the victim's and Ms. Sprowal's arrest history. This petition was also ultimately denied, with instructions to raise this new issue in an appropriate PCRA proceeding. (Second Post-Conviction State Denial, ECF No. 30-4.)

While the 1988 petition was pending, the Petitioner filed his first federal habeas petition, which was dismissed for failure to exhaust state remedies. (First Habeas Petition, ECF No. 1.) Rather than filing a successive PCRA petition on the newly discovered *Brady* claim as instructed in the denial of the 1988 petition, Petitioner filed a second federal habeas petition on September 25, 1995. (Second Habeas Petition, ECF No. 1, docketed at: 95-cv-6014-JMY.) This petition was denied after adopting Magistrate Judge Peter Scuderi's assessment that the *Brady* claim had been procedurally defaulted pursuant to Pennsylvania's rule against raising issues for the first time on appeal, which is an independent and adequate state procedural rule, and because the Petitioner had not made a showing of cause and prejudice that may have allowed the court to consider a procedurally defaulted claim. (Magistrate Judge Scuderi's Report & Recommendation, ECF No. 30-2, p. 8; Second Habeas Denial, ECF No. 30-5.)

---

[2] The Post-Conviction Hearing Act ("PCHA") was superseded by the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541, *et seq.*, in 1988.

Subsequently, in 1998, the Petitioner filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b) seeking to reopen the judgment denying his second habeas petition, notably not based on the procedurally defaulted *Brady* claim.  (First Rule 60(b) Motion, ECF No. 30-6.)  Petitioner had also returned to state court and filed four successive PCRA petitions, all of which were denied as untimely.  *See* Respondents' Brief, ECF No. 30, p. 6 n.4.

On April 28, 2023, the Petitioner filed the instant Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(6), requesting that the Court reopen the judgment.  (ECF No. 16.)  Respondents filed their Response in Opposition (ECF No. 30) on April 17, 2024, arguing that Petitioner's claims are procedurally defaulted or otherwise cannot be heard for the first time in federal court and that, even if Petitioner's claims could be heard on their merits, Petitioner has not shown the extraordinary circumstances required to grant his requested relief.[3]

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment where there has been a substantive development affecting the validity or justness of the judgment, including mistake, newly discovered evidence, fraud, or that the judgment has since been satisfied or made void.  Where these circumstances are not found, a claimant may also move for relief from a final judgment for any other reason justifying relief.  Fed. R. Civ. P. 60(b)(6).  This is to be granted only in extraordinary circumstances.  *Ackermann v. U.S.*, 340 U.S. 193, 212 (1950).  Factors that may inform whether such extraordinary circumstances exist

---

[3] The Court recognizes that Petitioner's co-defendant, Mr. White, was granted such extraordinary relief in 2021 after a finding that Mr. White had failed to raise a *Brady* claim on direct appeal because that *Brady* evidence had been withheld from him.  *See* Order and Memorandum Granting Michael White's Motion for Relief, ECF Nos. 94 & 95, docketed at: 94-cv-6598. However, particularly as the procedural history and the Respondent's available arguments are markedly different, the relevance of this decision to this case is limited.

include:  the preference against disturbing a final judgment, that the Rule 60(b) procedure should not be used as a substitute for an appeal, the purpose of doing substantial justice, whether the motion was made within a reasonable time, whether granting relief would be inequitable, and any other relevant factor.  *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986) (citing 7 **J. Moore & J. Lucas**, **Moore's Federal Practice** ¶¶ 60.19, pp. 60-164---60-165 (2d ed. 1985)).

IV.     DISCUSSION

The Petitioner has not shown that the extraordinary circumstances necessary to reopen the judgment exist in this case.  Extraordinary circumstances may exist where "an extreme and unexpected hardship would occur" without the requested relief.  *Satterfield v. District Attorney of Phila.*, 872 F.3d 152, 158 (3d Cir. 2017).  A change in relevant law can be such an extraordinary circumstance.  *Id.* at 159; *but see Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)").  Where basing a Rule 60(b)(6) motion on such a change in relevant law, the petitioner must show that (1) the change in law is "material to the basis on which the direct court initially denied habeas relief," *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021), and (2) that a multifactor analysis under *Cox v. Horn*, 757 F.3d 113, 124-26 (3d Cir. 2014), weighs in favor of granting relief.

Here, the Petitioner is unable to satisfy the first prong of the analysis.  The prosecution has an obligation to disclose exculpatory evidence to the defendant.  *Brady*, 373 U.S. 83.  Petitioner points to two Third Circuit opinions that he contends are relevant to his *Brady* claims: the decision in *Dennis v. Sec., Pa. Dept. of Corrections*, 834 F.3d 263, 291-93 (3d Cir. 2016), wherein the Third Circuit held that the government's obligation under *Brady* to disclose

5

exculpatory evidence cannot be excused even where such evidence was publicly available, and the decision in *Bracey*, 986 F.3d, which found that remand is required to determine whether extraordinary circumstances for a Rule 60(b)(6) motion existed following a change in controlling precedent. (*See* Motion for Relief, ECF No. 16.) These decisions are not material to the reason for denying the Petitioner's habeas petition; instead, because Petitioner's *Brady* claims had never been raised in an appropriate PCRA petition as required under Pennsylvania law, these claims were considered procedurally defaulted and never heard on their merits.

      Procedurally defaulted claims can be reviewed by a federal court if the Petitioner can demonstrate "cause for the default and prejudice arising from the violation of federal law." *Cox*, 757 F.3d at 119 (citations omitted). The Petitioner points to *Martinez v. Ryan*, wherein the Supreme Court determined that procedural default would not bar an ineffective assistance of counsel claim if the default was caused by ineffective, or lack of, assistance of counsel in the initial-review collateral proceeding (the first proceeding where such a claim can be raised in Arizona) and if the underlying claim has merit. 566 U.S. 1, 14 (2012). This decision "acknowledge[d], as an equitable matter, that [this proceeding], if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Martinez*, 566 U.S. at 14. Generally, rules excusing procedural default "reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." *Id.* at 13; *see also Murray v. Carrier*, 477 U.S. 478 (1986) (noting that cause to overcome a procedural default requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule").

Here, the procedural bar that has prevented federal habeas review on the merits of Petitioner's *Brady* claims was not caused by any factors other than the decision to pursue these claims federally without first having litigated them in state court. The Petitioner's ability to comply with Pennsylvania's established procedures was not impeded in any way by the state's instruction to refile his newly discovered *Brady* claim in the appropriate venue. While the Court is sympathetic to the likelihood that Petitioner's ability to present his best defense at trial was diminished by the Commonwealth's apparent failure to meet its *Brady* obligations, the strict procedural requirements for federal habeas proceedings has simply not been met. *See Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) ("[T]o allow a state prisoner simply to ignore state procedure on the way to federal court would defeat the evident goal of the exhaustion rule"). To the extent that the Petitioner's claim is based on evidence only discovered during discovery for the instant Motion, this is not the appropriate venue to litigate this issue for the first time. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Relief is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**